GULF, C. & S. F. RY. CO. v. W. J. HUGHES & CO.

(Court of Civil Appeals of Texas. Jan. 6, 1911.)

1. SALES (§ 233*)—RIGHT OF BUYER—ACTIONS AGAINST THIRD PERSON — SUFFICIENCY OF EVIDENCE.

In an action against defendant railroad company for the conversion of a car load of onions which plaintiff claimed to have purchased from the owner's agent when it was found that they were not in condition to be forwarded to final destination by defendant's resale of the onions before their delivery to plaintiff, evidence *held* to raise the issue of whether the person selling the onions to plaintiff had authority to do so, and did in fact make the sale, and of whether such fact was known to defendant before it had them sold.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 233.*]

2. SALES (§ 226*)—CONTRACTS—PASSING OF TITLE—CONDITION PRECEDENT.

Where plaintiff, upon purchasing a car load of freight from the owner, which was being

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

transported on defendant's line, executed a bond to defendant guarantying payment of any freight charges due, the actual payment of such charges which were the consideration of the sale was not a condition precedent to passing of title to plaintiff; title passing upon plaintiff's notification to defendant that he would pay the charges pursuant to his agreement with the owner.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 226.*]

Appeal from Galveston County Court; Geo. E. Mann, Judge.

Action by W. J. Hughes & Co. against the Gulf, Colorado & Santa Fé Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Rodman S. Cosby and Terry, Cavin & Mills, for appellant. W. F. Kelly, for appellee.

McMEANS, J. W. J. Hughes & Co., a corporation, plaintiff, sued the defendant, Gulf, Colorado & Santa Fé Railway Company, to recover the value of a car load of onions which plaintiff claimed it owned, and which it alleged the defendant had converted. The defendant answered by general and special exceptions to plaintiff's petition, pleaded a general denial, and filed a special plea, the allegations of which need not be stated. A trial before a jury resulted in a verdict and judgment for plaintiff for $328, and, defendant's motion for a new trial having been overruled, it prosecutes this appeal.

The only question raised on the appeal is whether the court erred in refusing to give to the jury defendant's special charge No. 1, which instructed the jury to return a verdict for defendant. The facts upon which the verdict was rendered for plaintiff may be briefly stated as follows: W. J. Hughes & Co., a corporation, on and prior to June 23, 1908, was engaged in the handling of produce, fruits, and vegetables and in the general commission business in Galveston, Tex. On said date E. P. Maney was authorized by Roy Campbell of San Antonio, who was the general sales agent of the Southern Texas Truck Growers Association, to sell a car load of onions belonging to said association which had been shipped from Donna, Tex., over certain lines of railroad, including that of defendant, consigned to New York via Mallory Steamship Company, and which upon arrival at Galveston was found to be in an unfit condition to stand shipment from Galveston to New York by steamer. Acting upon the authority, Maney on June 24, 1908, sold the onions to the plaintiff, the plaintiff being represented in the transaction by its president, W. J. Hughes, the consideration of the sale being the agreement of plaintiff to pay the freight charges upon the car load, which amounted to $69.70. Hughes then called up by telephone R. E. Jones, chief clerk in the local freight office of de-

fendant, and told him that he had bought the onions and would pay the freight charges, and requested him to have the car set on the elevator switch where it could be unloaded, and to this Jones, who was the proper officer of defendant to receive the notification of the purchase, replied that he would have the matter attended to. Plaintiff sent its wagon down to the switch to get the onions, and, not finding the car there, the said Hughes again called up Jones in regard to the matter, and Jones said he did not know why the car had not been placed. Hughes then telephoned W. J. Nolan, the commercial agent of plaintiff in Galveston, and told him that he had bought the onions from the Southern Texas Truck Growers Association, and asked him to have the car placed on the switch where it could be unloaded. Nolan replied that he would see that the car was placed on the switch for unloading. Nolan also was a proper agent of the defendant to receive for it notice of such sales. Hughes also told Nolan that plaintiff would pay the freight charges, and plaintiff before then had given to defendant a bond to guarantee any and all freight charges it might be due to defendant, and this bond was in force and effect at this time.

Late in the day of June 24, 1908, C. B. Van Skike, who was then chief clerk in the office of D. E. Shuckhart, auditor of defendant, sent a telegram in Shuckhart's name to Roy Campbell, advising him that the Mallory Steamship Company had refused to receive the onions for shipment, and asked authority to sell the same without advertising. On receipt of this telegram, Campbell, supposing that Maney had been unable to sell, replied by telegraph authorizing defendant to make the sale. Van Skike took the matter up with Jules Block of Galveston, and authorized him to sell the onions at the best price obtainable, and Block, pursuant to this authority, sold the car load on June 25, 1908, for the sum of $96. Before Block succeeded in selling, however, Van Skike received notice that plaintiff was claiming to be the owner of the onions.

The foregoing, we think, was sufficient to raise the issue if not compel a finding that Maney had authority to make the sale to W. J. Hughes & Co., that he did in fact make the sale, and that this fact was known to defendant at and before the sale was made by Block. That plaintiff having given to defendant a bond to guarantee the payment of any freight charges it might owe defendant, the actual payment of the charges, which was the consideration for the sale, was not necessary as a condition precedent to the passing of the title, but the title passed upon the conclusion of the agreement between Maney and plaintiff and upon the notification by the latter to defendant that

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

plaintiff would pay the charges. We further think that the evidence in the record was sufficient to justify the finding that the market value of the onions at the time and place of sale was the amount of the verdict plus the freight charges. There was no error, therefore, in the refusal to give the special charge peremptorily instructing a verdict for defendant, and the judgment is affirmed.

Affirmed.